# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| THEODORE KHNANISHO,<br>*Plaintiff* | § § § | |
| v. | § § | |
| TEXAS COMMISSION ON LAW ENFORCEMENT, CHIEF KIM VICKERS, T.J. VINEYARD, investigator, and MARINA PETKOVSEK, investigator,<br>*Defendants* | § § § § § § | Case No. 1:22-CV-1230-LY-SH |

## ORDER

Before the Court are Plaintiff Theodore Khnanisho's Application to Proceed Without Prepaying Fees or Costs (Dkt. 2) and Motion for Appointment of Counsel (Dkt. 3), both filed November 17, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 4.

### I. Motion to Proceed *In Forma Pauperis*

Plaintiff paid the $402 filing fee on January 6, 2023. Dkt. 7. Accordingly, Plaintiff's Application to Proceed Without Prepaying Fees or Costs (Dkt. 2) is hereby **DISMISSED AS MOOT**.

### II. Motion for Appointment of Counsel

The Court has authority to appoint "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "the appointment of counsel in a civil case is a privilege and not a constitutional right" and "should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In evaluating whether appointment of counsel is proper under Section 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and

1

present the case, and the level of skill required to present the evidence. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The record demonstrates that Plaintiff is a college graduate with a bachelor's degree in Justice Studies. Plaintiff has offered a detailed recitation of the facts of his case and shown an ability to investigate and prosecute the case adequately. The Court therefore concludes that Plaintiff can adequately develop the facts and present his case in any further proceedings. Moreover, Plaintiff has not demonstrated that exceptional circumstances are present in his case, which involves claims for libel, slander, tortious interference with contract, and conspiracy. *See Woods v. Legend Oaks Healthcare & Rehab.*, No. SA-19-CV-00519-XR, 2019 WL 2288456, at *2 (W.D. Tex. May 29, 2019) (denying motion to appoint counsel in case involving slander and defamation claims that did not present exceptional circumstances); *see also Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (denying motion to appoint counsel in civil rights case where case presented no exceptional circumstances and plaintiff demonstrated ability to represent himself adequately). For these reasons, Plaintiff's Motion for Appointment of Counsel (Dkt. 3) is **DENIED**.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on January 19, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE