# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| THEODORE KHNANISHO, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> TEXAS COMMISSION ON LAW § <br> ENFORCEMENT, KIM VICKERS, § <br> T.J. VINEYARD, and MARINA § <br> PETKOVSEK, § <br> *Defendants* § | Case No. 1:22-CV-1230-LY-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE DISTRICT COURT
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss, filed February 6, 2023 (Dkt. 12), and Plaintiff's Motion to Deny "Defendant's Order of Dismissal," filed February 17, 2023 (Dkt. 13). The District Court referred the Motions to this Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 14.

### I. Background

Plaintiff Theodore Khnanisho, a former police officer, brings this suit under the Civil Rights Act of 1964, 42 U.S.C. § 1983, against Defendants the Texas Commission on Law Enforcement ("TCOLE"), former TCOLE Executive Director Kim Vickers, and TCOLE Investigators T.J. Vineyard and Marina Petkovsek. Dkt. 1 (Plaintiff's Original Petition) ¶ 2. Khnanisho worked for five different Texas police departments between December 2017 and July 2022. He alleges that Defendants failed to investigate complaints he filed with TCOLE regarding inappropriate conduct at each of those police departments and retaliated against him for filing the complaints.

1

*Id.* Khnanisho also alleges that Defendants have "permanently" placed him on a "BlackList," which he appears to allege has prevented him from obtaining subsequent employment. *Id.* ¶ 79.

Khnanisho alleges that Defendants violated his First Amendment rights under the United States Constitution and conspired to interfere with his constitutional rights in violation of 42 U.S.C. §§ 1985 and 1986. He also brings state law claims for retaliation under Texas Government Code § 554.002 ("Whistleblower Act"); blacklisting under Texas Labor Code § 52.031; disorderly conduct, in violation of Texas Penal Code § 42.01; stalking, in violation of Texas Penal Code § 42.072; harassment, in violation of Texas Penal Code § 42.07; libel, slander, and/or tortious interference with contract, conspiracy to commit those torts, aiding and abetting, and ratification; and retraction under Texas Civil Practice and Remedies Code § 73.055. Dkt. 1 ¶¶ 1, 16, 88-111. Khnanisho seeks $10 million in damages. *Id.* ¶ 116.

All Defendants move to dismiss Khnanisho's claims under Rules 12(b)(1) and 12(b)(6).

## II. Texas Commission on Law Enforcement

Defendants argue that TCOLE is entitled to sovereign immunity because it is an agency of the State of Texas, Texas has not consented to suit, and Congress has not abrogated its immunity. Khnanisho responds that TCOLE is not entitled to sovereign immunity because it has violated federal and state laws.

### A. Legal Standard

Under Rule 12(b)(1), a court must dismiss a claim if it lacks subject matter jurisdiction. A court properly dismisses a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his

claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In deciding a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* Because the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* A court's dismissal of a case for lack of subject matter jurisdiction is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, such a dismissal should be without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

### B. Analysis

The Eleventh Amendment codified the sovereign immunity of the states. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

> Sovereign immunity is the privilege of the sovereign not to be sued without its consent. . . . A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.

*Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011) (cleaned up). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). A suit "against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 581 U.S. 155, 166 (2017).

It is undisputed that TCOLE is an administrative agency of the State of Texas. *Hall v. Texas Comm'n on L. Enf't*, 685 F. App'x 337, 340 (5th Cir. 2017) (citing TEX. OCC. CODE § 1701.051(a)). There is no suggestion that Texas has consented to suits against TCOLE in federal court, and Congress has not abrogated the state's sovereign immunity for any of the federal statutes under which Khnanisho brings claims. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (affirming dismissal of § 1983 and § 1985 claims as barred by state's Eleventh Amendment immunity); *Strong v. Grambling State Univ.*, 159 F. Supp. 3d 697, 707 (W.D. La.), *aff'd*, 614 F. App'x 776 (5th Cir. 2015) (dismissing claims against state entities under §§ 1983, 1985, and 1986). Nor does the limited exception to sovereign immunity set forth in *Ex parte Young* apply because Khnanisho seeks damages against a state agency, not an injunction against an individual state actor. 209 U.S. 123 (1908). The Court therefore recommends that Khnanisho's claims against TCOLE should be dismissed under 12(b)(1) for lack of subject matter jurisdiction.

### III. Individual Defendants

Defendants argue that Khnanisho's claims against Individual Defendants Vickers, Vineyard, and Petkovsek must be dismissed under Rule 12(b)(6) because they are entitled to qualified immunity as to his constitutional claims and his other claims fail to state a plausible claim for relief.

#### A. Rule 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain

4

sufficient factual matter "'to state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

Khnanisho is proceeding *pro se*. *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). But even under this lenient standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). *Pro se* litigants "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.*

**B. Constitutional Claims**

The Individual Defendants argue that they are entitled to qualified immunity because Khnanisho fails to "plead specific facts showing that any defendant violated any clearly established constitutional right" and instead "simply lists a stream of personal grievances." Dkt. 12 at 5.

The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. "This immunity protects all but the plainly incompetent or those who knowingly violate the law, so we do not deny immunity unless existing precedent must have placed the statutory or constitutional question beyond debate." *Morgan v. Swanson*, 659 F.3d 359, 370-71 (5th Cir. 2011) (en banc) (citations omitted). Once a defendant raises a qualified immunity defense, the burden shifts to the plaintiff to show that (1) the official violated a statutory or constitutional right, and (2) the right was "clearly established" at the time. *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019) (quoting *Morgan*, 659 F.3d at 371). Courts have discretion to decide which of the two prongs of the qualified immunity analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Khnanisho contends that the Individual Defendants violated his First and Fourteenth Amendment rights by failing to investigate his complaints about inappropriate conduct by police officers, retaliating against him for making such complaints by "Stalking, Harassing and Blacklisting" him, and denying his constitutional right to employment.[1] Dkt. 13 at 14-15. Khnanisho alleges that TCOLE blacklisted him by telling "all future Law Enforcement Department[s] that Mr. Khnanisho has applied to, contact T.J. Vineyard." *Id.* at 2. Khnanisho alleges that this is "clearly blacklisting" because he "has not placed T.J. Vineyard as his personal reference." *Id.*

1. **First Amendment Claim**

The First Amendment "prohibits not only direct limitations on speech but also adverse government action against an individual because of her exercise of First Amendment freedoms." *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999). To establish a prima facie claim, a plaintiff

---

[1] Khnanisho alleges in his Complaint only that his First Amendment rights were violated. Dkt. 1 ¶ 87. He mentions the Fourteenth Amendment for the first time in his response brief.

must allege (1) he was engaged in constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). Not all "disadvantages imposed for the exercise of First Amendment freedoms constitute actionable retaliation." *Colson*, 174 F.3d at 510. A plaintiff must cross a threshold of harm before he can bring a claim for First Amendment retaliation. *Id.* at 513 n.8.

Assuming without deciding that Khnanisho's reports to TCOLE were constitutionally protected speech, the Court finds that he has not alleged the second element of a prima facie case of a First Amendment violation. Most of Khnanisho's claims concern inappropriate conduct he allegedly witnessed at five police departments and the actions of individuals not involved in this case. During his employment, Khnanisho's only alleged contact with the Individual Defendants was reports he made to TCOLE, which he alleges were "ignored." Dkt. 1 ¶ 54. Khnanisho also alleges that: "Past and future police departments were ordered to say that Mr. Khnanisho was under an investigation and they had to contact" Vineyard and Petkovsek to verify his employment, but "[o]nce they contacted these Defendants, they were not given reason." *Id.* ¶ 79.

Retaliatory criticisms, investigations, and false accusations that do not lead to "some more tangible adverse action" are "harms that, while they may chill speech, are not actionable under our First Amendment retaliation jurisprudence." *Colson*, 174 F.3d at 512-13; *see also Smart v. Holder*, No. EP-09-CV-101-KC, 2009 WL 2498213, at *5-6 (W.D. Tex. Aug. 12, 2009) ("Thus, where a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will imminently

follow, such speech does not adversely affect a citizen's First Amendment rights."), *aff'd*, 368 F. App'x 591 (5th Cir. 2010).

The Court finds that Khnanisho's allegations against Vineyard and Petkovsek do not rise to the level of harm actionable under the First Amendment. He does not allege that Vineyard and Petkovsek provided information to anyone who called them, and there is no suggestion that any information Vineyard and Petkovsek might have provided would rise above criticisms or false accusations. *See Colson*, 174 F.3d at 511; *Harmon v. Beaumont Indep. Sch. Dist.*, No. 1-12-CV-571, 2014 WL 11498077, at *5 (E.D. Tex. Apr. 7, 2014) (holding that phone call to plaintiff's employer was not actionable), *aff'd*, 591 F. App'x 292 (5th Cir. 2015). Khnanisho makes a single statement that Defendants threatened to charge him for filing job applications incorrectly. Dkt. 1 ¶ 84. Without more, he does not sufficiently allege that Defendants threatened imminent government action that would chill a person of ordinary firmness.

The Complaint has no specific facts about Vickers's involvement in the alleged retaliation. Because officials cannot be held liable based solely on their role as supervisors, the claim against her in her individual capacity should be dismissed. *See Turner v. Lieutenant Driver*, 848 F.3d 678, 695 (5th Cir. 2017) (holding that supervisors must be "personally involved" or engage in "wrongful conduct that is causally connected to the constitutional violation").

The Court finds that Khnanisho has failed to plead that the Individual Defendants violated his First Amendment rights and has not carried his burden to overcome the qualified immunity defense asserted by Vickers, Vineyard, and Petkovsek.

### 2. Fourteenth Amendment Claim

To the extent Khnanisho alleges a violation of his Fourteenth Amendment Rights, the Individual Defendants are entitled to qualified immunity. To state a Fourteenth Amendment due process claim, "a plaintiff must first identify a protected life, liberty or property interest and then

prove that governmental action resulted in deprivation of that interest." *Sims v. City of Madisonville*, 894 F.3d 632, 641 (5th Cir. 2018). Khnanisho does not have a property interest in his ability to seek future employment. *Vander Zee v. Reno*, 73 F.3d 1365, 1371 (5th Cir. 1996) (holding that loss of future employment rather than termination did not allege violation of clearly established right); *see also Adams v. City of Harahan*, --- F.4th ----, 2023 WL 2945725, at *5 (5th Cir. Apr. 14, 2023) (holding that future career in law enforcement was not protected property interest). Nor did Khnanisho suffer deprivation of a property or liberty interest when TCOLE failed to investigate his reports. *See Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 495-96 (5th Cir. 2011) (per curiam) (holding that plaintiff's interest in investigation or compliance with state investigative procedures was not protected interest for purpose of due process claim).

Public employees have a recognized liberty interest in a procedural opportunity to clear their name when they are "discharge[d] from public employment under circumstances that put the employee's reputation, honor or integrity at stake." *Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 419 (5th Cir. 2018). But Khnanisho states that he resigned from each of his former positions and does not allege that he requested and was denied a name-clearing hearing. This dooms his claim. *See Gonzalez v. Harlingen Consol. Indep. Sch. Dist.*, 96 F. Supp. 3d 653, 663 (S.D. Tex. 2015) (dismissing due process claim where plaintiff failed to allege that he requested a name-clearing hearing). Khnanisho has not alleged a violation of his Fourteenth Amendment due process rights and the Individual Defendants are entitled to qualified immunity.

### C. Federal Conspiracy Claims

Defendants argue that Khnanisho has failed to allege facts to support a civil conspiracy claim under § 1985. They also contend that his § 1986 claim fails because a valid § 1985 claim is a prerequisite to a § 1986 claim.

The Court agrees that Khnanisho has not stated a claim under either statute. To state a claim under § 1985, Khnanisho "must plead the 'operative facts' showing a prior illegal agreement, and 'bald allegations' of an agreement do not suffice." *Way v. Mueller Brass Co.*, 840 F.2d 303, 308 (5th Cir. 1988) (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987), and *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982)). Khnanisho alleges no specific facts supporting the existence of an agreement among the Individual Defendants. When all alleged participants in a conspiracy are members of the same collective entity, moreover, the conspiracy does not involve two or more people and cannot support a § 1985 conspiracy claim. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). Because Khnanisho alleges that the Individual Defendants all are TCOLE employees, he cannot state a § 1985 conspiracy claim. A valid § 1985 claim is a prerequisite to a § 1986 claim, so Khnanisho's § 1986 claim also fails. *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000).

**D. State Law Claims**

Turning to the state law claims, Defendants correctly argue that Khnanisho cannot state a claim under the Texas Labor Code and Texas Penal Code because none of the statutes he invokes provide for a private right of action. The plain text of Texas Labor Code § 52.031 does not create a private cause of action, and Texas law makes clear that private causes of action should not be implied absent specific legislative intent. *See Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004); *Hernandez v. Dell, Inc.*, No. SA-08-CA-59-OG, 2008 WL 11411513, at *1 (W.D. Tex. June 26, 2008) ("There is no private cause of action specifically provided for in the statute itself and applicable case law makes it clear that a cause of action should not be implied absent evidence of clear legislative intent to the contrary."). Similarly, Texas Penal Code §§ 42.01, 42.072, and 42.07 – prohibiting disorderly conduct, stalking, and harassment – do not create private causes of action.

Khnanisho's claim under the Texas Whistleblower Act, Texas Government Code § 554.002, is barred by sovereign immunity. The Act does not waive Texas's Eleventh Amendment immunity to suit in federal courts. *Martinez v. Tex. Dep't of Crim. Just.*, 300 F.3d 567, 575 (5th Cir. 2002) ("[T]he Act waives state sovereign immunity only in Texas state courts.").

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C § 1367(c). The court has wide discretion to remand or dismiss state law claims when the federal claims to which they are pendent are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998). "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). Because the Court recommends dismissal of all Khnanisho's federal claims, the Court further recommends that the District Court decline to exercise supplemental jurisdiction over all Plaintiff's remaining state law claims.

## IV. Recommendations

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss (Dkt. 12).

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court docket and **RETURN** it to the docket of the District Court.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen

(14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 2, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE